IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TABITHA DICKERSON,<br>AIS #167077,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DONAL CAMPBELL, *et al.*,<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION No. 2:05-cv-576-F<br>)<br>)<br>)<br>)<br>) |

## SPECIAL REPORT FOR DEFENDANTS DONAL CAMPBELL, GLADYS DEESE, LENITA HAWTHORNE, AND FRANK ALBRIGHT

Come now the defendants, through undersigned counsel, and in compliance with this Honorable Court's July 18, 2005, Order, hereby submit the following Special Report:

### PARTIES

1. The plaintiff, Tabitha Dickerson, is an Alabama Department of Corrections ("ADOC") inmate incarcerated at Tutwiler Prison for Women ("Tutwiler").

2. Defendant Donal Campbell is the ADOC Commissioner. Gladys Deese is the Warden of Tutwiler, while Frank Alright is employed as assistant warden. Defendant Lenita Hawthorne is a correctional officer at Tutwiler.

### PLAINTIFF'S ALLEGATIONS

The plaintiff alleges that she has wrongly been subjected to an unreasonable level of secondhand smoke while imprisoned at Tutwiler. She asks that this Court for injunctive relief, and damages for emotional and physical suffering.

## DEFENDANTS' RESPONSE

The defendants respond to the plaintiff's complaint as follows:

1. The defendants assert that the plaintiff has failed to state a claim upon which relief can be granted pursuant to 42 U.S.C. § 1983, or any other source.

2. The plaintiff's claims for injunctive relief are precluded by a class action settlement concerning the living conditions at Tutwiler.

3. The plaintiff's claim is barred because she has alleged no concrete physical injury.

4. The plaintiff has failed to show any causal link between the actions or omissions of the defendants and her alleged injury.

5. The plaintiff's claim is precluded because she has failed to show that the defendants acted with a culpable state of mind.

6. The plaintiff's claim against Commissioner Campbell is barred because there is no respondeat superior liability in 1983 cases.

7. This suit is barred by the doctrine of qualified immunity.

## DEFENDANTS' EXHIBITS

The defendants present the following exhibits:

Exhibit 1 – Affidavit of Warden Deese

Exhibit 2 – Affidavit of Frank Albright

Exhibit 3 – Affidavit of Lenita Hawthorne

Exhibit 4 – ADOC non-smoking policy

Exhibit 5 – ADOC standard operation procedure regarding smoking

## FACTS

The Alabama Department of Corrections has enforced a no smoking policy since at least April 7, 1995 (Ex. 4 at 3.) This policy forbids any smoking whatsoever inside ADOC facilities. (Ex. 4 at 1-3; Ex. 5 at 1-2.) Although they cannot guarantee that inmates will abide by this policy at all times, the defendants at Tutwiler enforce these policies to the best of their abilities, and discipline those inmates caught violating this policy. (Ex. 1 at 1; Ex. 2 at 1; Ex. 3 at 1.)

## ARGUMENT

**I. The complaint fails to state a cause of action because the plaintiff has alleged no physical injury and her claims for injunctive relief are precluded**

Dickerson has failed to state a claim because she has suffered no concrete physical injury. As stated in 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." To satisfy the injury requirement, an inmate need not show permanent injury, but must "offer some evidence of injury beyond a minimal one." *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990). This claim of injury must be supported by proof beyond the inmate's own allegation. *Id.* at 1534. In this case, Dickerson has offered no evidence beyond her own allegation that the amount of exposure she has unwillingly received to second-hand smoke has produced any more than a minimal injury. Thus, her claim for damages for emotional and physical suffering is due to be denied.

Similarly, the plaintiff has failed to establish that she is exposed to a constitutionally impermissible level of smoke. In order to state a claim for secondhand smoke exposure, an inmate must show that she has been subject unwillingly to a level of smoke that is unreasonably

3

high. *Helling v. McKinley*, 509 U.S. 25, 35 (1993). This claim requires a plaintiff to prove that society considers the risk of which the inmate complains to be so grave that it violates contemporary standards of decency for anyone to be exposed to such a level of smoke. The defendants have presented three affidavits and copies of the ADOC no smoking policy supporting the fact that no unreasonably high levels of smoke are allowed at Tutwiler. In the absence of any evidence to the contrary beyond her own allegation, the plaintiff's claim must fail.

**II. The plaintiff's complaint also fails because she did not to provide any evidence that the defendants acted with deliberate indifference**

A plaintiff making an Eighth Amendment claim must show that the defendants subjectively acted with deliberate indifference toward the plaintiff's welfare. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). The Supreme Court has stated that the adoption of a no smoking policy "will bear heavily on the inquiry into deliberate indifference" in a secondhand smoke claim. *Helling*, 509 U.S. at 35. In this case, ADOC has adopted and continues to enforce a no smoking policy. (Ex. 1 at 1; Ex. 2 at 1; Ex. 3 at 1; Ex. 4 at 1-3; Ex. 5 at 1-2.) While the defendants may not be able to curtail every single instance of inmate smoking, they have made their best efforts to enforce the policy. (Ex. 1 at 1; Ex. 2 at 1; Ex. 3 at 1) The plaintiff has presented no evidence that would contradict these fact, and has presented no evidence to support the mental state element of her claim. In fact, the plaintiff has cited no causal connection whatsoever between any of the defendants and her alleged injuries, as is required to put each defendant on notice of the actions of which they are accused. *Zalter v. Wainright*, 802 F.2d 397, 401 (11th Cir. 1986). Without this connection, the claim is due to be dismissed. *Id.* In regard to Commissioner Campbell, the plaintiff's fails for yet another reason, as it improperly relies on

respondeat superior for liability in a 1983 action. *Dean v. Barber*, 951 F.2d 1210 (11th Cir. 1992.) The defendants are thus entitled to summary judgment.

**III. This suit is barred by the defendants' sovereign and qualified immunity**

State employees who make these discretionary choices are shielded from suit under the doctrine of qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), *quoting Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). Decisions by defendants as to how to enforce ADOC policies are discretionary. As the plaintiff has failed to cite a case that puts the defendants on notice that any of their actions violated clearly established law, the defendants are entitled to qualified immunity.

**IV. The plaintiff's claims for injunctive relief are barred by the class action settlement reached in Laube v. Haley**

The inmates of Tutwiler, as a class, recently reached a settlement with ADOC that bars further injunctive relief as to their living conditions, so this action is precluded. In *Laube v. Haley* (2:02-cv-000957-MHT), a suit brought previously before this Court, the inmates as a class recently agreed to a settlement concerning their living conditions. As such, the plaintiff is barred from bringing another suit for injunctive relief concerning their exposure to tobacco, or any other condition of prison life. Thus, the defendants are entitled to summary judgment.

## **CONCLUSION**

Based on the foregoing, the defendants request that this Court enter summary judgment in their favor.

Respectfully Submitted,

Troy King
Attorney General


s/Andrew Hamilton Smith
Andrew Hamilton Smith (SMI 263)
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I have, this the 15<u>th</u> day of August, 2005, served a copy of the foregoing upon the plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

Ms. Tabitha Dickerson
AIS# 167077
Tutwiler Prison for Women
8966 U.S. Highway 231 N.
Wetumpka, AL 36092

> s/Andrew Hamilton Smith
> Andrew Hamilton Smith (SMI 263)
> Assistant Attorney General

**ADDRESS OF COUNSEL**
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 353-8811