In The United States District Court
For The Middle District Of Alabama

Northern Division

2005 SEP 28 A 9:07

Tabitha Dickerson Ais #167077 )
    Plaintiff )
 )
vs ) Case No. 2:05-CV-576F
 )
Donal Campbell, et. al )
    Defendants )

Plaintiff Response To Defendants' Failure to Provide Proper Documentation.

As the Plaintiff in the Above Civil Case the Defendants did not comply with the Court order to produce me a copy of the Settlement agreement in Laube v. Haley, Civil Action this was not done. In my receiving a package dated on September 15, 2005,

I. Notice Of Compliance without Court order Exhibit was not in the package.

II A motion for substitution of Counsel No other information. As the Plaintiff I believe this was done in Error.

Respectfully, Tabitha Dickerson

IN THE DISTRICT COURT OF THE UNITED STATES
OF THE MIDDLE DISTRICT OF ~~AMERICA~~ Alabama

NORTHERN DIVISION

Tabitha Dickerson AIS # 167077  )
      Plaintiff  )
)
VS  )   Case No: 2L05-CV-576-F
)
Donal Campbell   et. Al  )
      Defendants  )
)

Plaintiff's response to defendants: Donal Campbell, Gladys Deese, Frank Albright, and Lanita Hawthorne.

    Plaintiff submits this response to the defendant's arguments with her exhibits including a Declaration pursuant to U.S.C. 1746.

    The FRCP 8 A2 requires only "a short and plain statement showing that the pleader is entitled to relief. This has been done; the Supreme Court has held that notice pleading is sufficient   1983.

    The defendants was made aware of the unconstitutional, unwilling, unreasonable level of second hand tobacco smoke so strong that I am being awake from sleeping because of the smell of tobacco smoke, including filter and non-filtered Cigarette products, introducing unidentified particles in the air.

    The prohibition/Restriction of Inmates to smoke inside this facility indicates that the defendants have already recognized that as an inmate I deserve to be protected for/from " ETS." As the Plaintiff I argue that their failure to adequately control in house smoking and or failure to enforce their own policies, rules and regulations as well as other known factors, the request by the defendants for:

       1. Immunity
       2. Dismissal
       3. Summary Judgment
Should be denied.

As an inmate being exposed to levels of ETS that poses an unreasonable risk to my present and future health, the Eighth Amendment has been violated. Cruel and Unusual Punishment Clause.

"ETS", - Environmental Tobacco Smoke.

Pursuant to FRCP 8 A2 requiring on a short and plain statement showing the pleader or pleaders is entitled to relief.

Plaintiff asserts that this has been done:

The Supreme Court has held notice pleading is sufficient for  1983

Pursuant to 28 U.S.C.  1331 and 1343 (A) (3) this court has jurisdiction over plaintiff' federal claim.

## Cause Of Action

Count I

The deliberate indifference of the defendants to protect the Plaintiffs against substantial risk and harm to the non-smoker's health presently being:
1. Aggravated
2. Exacerbated

Future harm to the non-smoker's health and safety that can medically be attributed to second hand tobacco smoke.

Count II

For future damages non-smokers being subjected to lung cancer by being unwillingly exposed to unreasonable and unconstitutional levels of passive second hand smoke. The Defendants has deprived and continues to deprive Plaintiff(s) of their right under the Due Process Clause of the 14th Amendment to U.S.C.A.

Count III

Failure of the Defendant to adequately monitor and take disciplinary actions not based on the violation but:
1. Who you are
2. How the officer feel about you
3. Inmates are assigned extra duties as punishment for being caught smoking
by certain officers. No continuity in disciplinary actions for inmates caught smoking.

Count IV

The deliberate indifference shown by the Defendants to the Plaintiff(s) (non-smoker medical conditions:

**I. Defendants are not entitled to qualified Immunity**

Defendants argue that the doctrine of qualified immunity shields them from liability in violation of an established Constitutional Right.

Their decision to sell cigarettes to inmates without proper warning of the health hazards to non-smoking inmates (me) being housed in the dorms with very limited living space.

Failure to control smoking inside the facility based on their rules and regulations.

As a non-smoking inmate suffering from health problems already known to the Defendants by being exposed to unreasonable levels of second hand smoke conditions known and unknown has been and will be: Present and in the future
1. Aggravated
2. Exaceerbated

**II Eigth Amendment Clause Cruel and Unusual Punishment**

gives me a cause of action as well as my belief that the Defendants have with deliberate indifference- exposed me to levels of ETS that posed an unreasonable risk of serious damage to my future health.

**III The Prohibition/Restriction**

of smoking inside the facility in question. According to the Defendant's Rule Number 009, in an indication that the Defendants have already recognized that as a non-smoking inmate there is a need to be protected from "ETS". As the plaintiff it is my belief because of their failure to adequately control in house smoking this does not shield them from liability in this civil action.

**IV. The Defendants knowingly** provided access to tobacco products for a profit in a control environment totally, deliberately, willfully, disregarding the substantial risk of serious harm to me and in the future.

**V. The Defendants in his/her individual and official capacities** reasonably should know what the Constitution requires in regard to the health safety, and welfare to be provided to me an inmate as well as a non-smoker.

Plaintiff in providing Exhibits, Declaration, Cases cited request for Dismissal and/or Summary Judgment should be denied.

Air pollution (tobacco smoke is an air pollutant) results in increased number of deaths among people with Cardiac and Respiratory Diseases.

A striking increase in the number of deaths among the person who already suffers from Heart and Chronic Lung Diseases

## VI. Each Defendant in his or her official and individual capacity through in-service and training:

Should be able to maintain a certain level of knowledge as to what the Constitution requires (A) In protecting me as an inmate/non-smoker (B) The changes in society's attitude involving prisoners being subjected to "ETS".

# Factual Allegations

I. Tutwiler Prison for Women (Annex) is located in Wetumpka, Alabama. Inmates are housed in two separate units known as Dorm 11 and 12.

II. Each dorm consist of no more than 8-10 cubes:

    A. Each cube housing 15-16 inmate in very limited living space.
    B. Twelve to thirteen of the sixteen inmates smoking inside the facility during a 24 hour period.

III. The Annex is understaffed at times there have been only one officer to each housing unit (dorm) with 110-120 women assigned.

    A. Officer in dorm 11 having to monitor the pill line at this time no officer monitors the dorm, only when a certain Sergeant work is the dorm monitored during pill call.

IV. Defendants in charge of the policy making and supervision have failed to implement adequate smoking control. Constantly subjecting me, a non-smoker to unwillingly levels of second-hand tobacco smoke. Official knowledge of a substantial risk to present and future health

Others have filed:
1. Inmate request
2. Filed lawsuits
3. Written letters
4. If the court will have someone to inspect the dorms at the Annex evidence is obvious even a layperson can see evidence of excessive smoking:
   (a) Commode seats with cigarette burns
   (b) Match stems on the floor
   (c) Creamer packages used for ashtrays
   (d) Cigarette butts in the bathrooms, shower, and living areas
5. Cigarette butt cans immediately on entrance and exits of the doors
6. In exiting or entering the doors a cloud of smoke is the first thing you see
7. I have observed inmates walk inside the dorm and blow out smoke into the dorm.

V.  Cigarette butt cans as well as smoking:
  A. Butt cans immediately at the entrance and exit of each dorm.
  B. Smoking immediately at the entrance and exit of each dorm.

  **Fact:** On one occasion Dorm11 inmates had to be evacuated due to what was said to be an electrical fire. The dorm filled with smoke and the fire and smoke alarm never went off. An inmate being awaken for work alerted the authorities.

As the Plaintiff in this case according to Rule Number: 009 the policy restricts smoking inside the facility. As well as within ten (10) feet of the entrances or exits, etc.

There is no "Smoking Policy" in effect being in a controlled environment. Cigarettes are easily obtainable in the Quantity that permits me to be subjected to the unreasonable amount of second-hand smoke purchased from the canteen.

Prison official ignored the known and unknown dangers posed by my being exposed to unreasonable, unconstitutional, and unwilling levels of second-hand smoke.

It is my belief that the Defendants never took into consideration:
I.   Surgeon General caution on tobacco packing.
II.  What society attitude is toward even prisoners being subjected to "ETS" unwillingly?
III. The short or long term effects of "ETS" on my health.


**509 US. 25, 125 L. Ed. Ad 22**
**Donald L. Helling et. Al Prisoners**


**William McKinney**
**[No. 91-1958]**
**Argued Jan. 13, 1993**
**Decided June 18, 1993**

The Ninth Circuit Court of Appeals, 924 F.2d 1500 affirmed in part, reversed in part and remanded and certiorari was granted. The Supreme Court, 112 S. Ct. 291 vacated and remanded.
Thereafter, the court of Appeals, 959 F.2d 853, reinstated and remanded. Certiorari was granted.

The Supreme Court Justice White held:
1. Prisoner's Eighth Amendment claim could be based upon possible future harm to health, as well as present harm, arising out of exposure to ETS.
2. Prisoner stated cause of action for violation of his Eighth Amendment rights; affirmed and remanded Justice Judge Thomas dissented and filed opinion in which Justice Scalia joined.

**Criminal Law - 1213.10(1)**
1. It is undisputed that treatment prisoners receive in prison and conditions under which he is confined are subject to scrutiny under the Eighth Amendment **USCA Constitution Amendment Eight**.
2. Criminal Law – 1213.10 (3)        Prisons-17 (2)
3. Criminal Law –1213.10 (3)


**In Avery V. Powell, 695 F. Supp. 632 (D.N.H 1988)**

The District Court declined to dismiss an Eighth Amendment claim based on exposure to ETS. The Court first determined that because widely accepted scientific evidence shows that ETS poses health hazards, unwanted exposure to ETS may be a punishment within the meaning of the Eighth Amendment. Id at 639

The Court then ruled that our society's attitude have evolved to the point that unwanted exposure to ETS may amount to a violation of "society's evolving standard of decency." Id at 639-40.

**In Clemmons V. Bohannon, 918 F.2d 858 reh'g en banc granted. 1990 WL 146949, 1990 US. App. Lexis 20375 (10th Cir.1990),** The Tenth Circuit agreed with Avery in holding that indefinite double-celling of smokers with non-smokers against their expressed will can amount to a violation of the Eighth Amendment.

**The Court in Clemmons**

Under Hoptowit an Spain; 753 F 2d at 783

**It is established** that conditions in a prison that threaten a prisoner's health constitute cruel and ⎯⎯⎯→ unusual punishment.

Scientific evidence is clear that exposure to ETS can have serious adverse health consequences.

To determine the prevailing attitude of society, the review of statues and regulations that society has enacted restricting smoking in certain places. A significant percentage has been passed by lawmakers motivated by health concerns about exposure to ETS.

The American Jailers Association, which represents 6500 jail administrators, passed a resolution endorsing bans on smoking by inmates.

The review of Legislation and regulations shows that society sees the need to protect non-smokers from involuntary exposure to ETS, which is increasingly regarded and medically proven to be a hazard to the health of non-smokers.

### Evidence
**Circumstantial**
I.   Ceiling discoloration from what I believe or appears to be tobacco residue.
II.  Smoke detectors not in working order, no matter how much smoke is in the dorm.
III. Toilet seats have cigarette burns on them.
IV.  Match stems on the floor in the bathrooms, showers, and living areas.

## CIGARETTE

**Tobacco Smoke** is a well known source of annoyance as an indoor <u>Air Pollutant</u>

Cigarette smoke is acknowledged to be the single most important cause of Lung Cancer.

Lung Cancer, although very seldom curable, is largely preventable.

Nicotine stimulates the heart to beat faster

<u>Tobacco</u> has some adverse effects on health in whatever <u>form it is ingested.</u>

There are about 4,000 <u>chemicals</u> present in tar of which a number are known to produce <u>Cancer.</u>

Other studies have indicated reduced Lung function in middle-aged non-smokers exposed to smoke.

### Lung Cancer

Cancer begins when tar "produces chemicals that are known to produce cancer.

### Unfortunately

Lung Cancer can become far advanced before it produces noticeable symptoms.

**Surgeon General's Report (1979)** states that Lung Cancer is largely a preventable disease

**The Supreme Court has explained:**

One does not have to await Consummation "of threatened injury to obtain preventative Relief"

**The Columbia University College of Physicians and Surgeons**

Tobacco smoke – Air Pollutant

I. Air Pollution results in increased number of deaths among people with Cardiac and Respiratory Diseases.

II. A striking increase in the number of deaths among the person who already suffers from Heart and Chronic Lung Disease.

   A. Stepped up severity of Asthma Attacks
   B. More acute Bronchitis, Pneumonia and other chest illnesses among adults.
   C. Cancer of the Lung.
   D. More deaths among people who are hospitalized with Heart Attacks.
   E. One study has indicated that Angina patients developed pain more rapidly at these times.
   F. Irritation of the eyes, nose, throat, and changes in behavior and <u>heart functions.</u>

10

**Facts:**
I. Prison officials have a Constitutional duty to protect inmates.

The Defendants argue that the doctrine of qualified immunity shields them from liability for their
Failure to control smoking inside a No Smoking Facility (inside).

The official/ defendant policy, custom and action/ inaction caused the violation of my
Constitutional right as afforded by the Eighth Amendment,
Cruel and Unusual Punishment that was not part of my sentenced.


# IMMUNITY

Any assertion of Immunity should be denied where as in 1993 Helling V. McKinney. The Supreme Court Ruled:

Officials act with Deliberate Indifference if they knowingly expos an inmate to levels of second-hand smoke (tobacco) "that pose an unreasonable risk of serious harm to his future health."


McKinney V. Anderson, 924 F. 2d 1500, 1512 (case 1991

The Court concluded that society's attitude had evolved to the point that involuntary exposure to unreasonably dangerous levels of ETS violated current standards of decency. Id., at 1508

**Officials actually knew the risk. See Exhibit** B, C, D, E / Roberts vs Campbell
Carter V. Campbell Case # 2:05 CV 575 /
The exposure to unconstitutional, unwilling, unreasonable levels of second-hand smoke (tobacco) has been longstanding and persuasive. Smoking as well as non-smoking inmates can testify to the circumstances surrounding this claim.

   I.    What appears to be Nicotine residue noted on ceilings in inmates living areas which is discolored.
   II.   A ceiling in dayroom where smoking is not done is/ can be noted not to appear discolored.
   III.  Bathroom commode seats have cigarette burns.
         A. Match stem are seen on the floor
   IV.   Cigarette residue in the shower areas.
   V.    Butt cans at the entrance/ exit

**Facts:**
I. Smoking in bed is a known fire hazard
II. Paper creamer packages are used as ashtrays
III. Butt cans are immediately at the entrances and exits of each dorm. As a non-smoker I cannot enter or exit the dorm without walking through a cloud of smoke.

**Facts:** the policy states no smoking within ten (10) feet of an entrance or exit. This is not enforced. Some officers are observed violating this policy also.

IV. Cigarette Smoking is known to be addictive and a habit that is hard to break.

### DELIBERATE INDIFFERENCE

**The US Supreme Court** explained what Deliberate Indifference means in its **1994** decision **Farmers V. Brennan**

In **Farmer** the Supreme Court held that an official acts with **Deliberate Indifference** when he or she "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

In filing this 42 U.S.C 1983 according to the "PLRA" requirement all remedies available at Tutwiler Prison (Annex) was exhausted including letters to the Commissioner.

I. Officials knew or reasonably should have known about the risk and aggravation of my serious medical conditions by



    being exposed to unwillingly, unconstitutional levels of second-hand smoke.
II. Failed to respond reasonably to that risk to my present medical conditions and future risk for Lung Cancer.

## FACTUAL ALLEGATIONS

Substantial risk of harm because of the failure to enforce rules, policies, and regulations of Alabama Department of Correction Tutwiler Prison For Women Annex

I. Tutwiler Prison for Women (Annex) is located in Wetumpka, Alabama. It is documented as being overcrowded. Inmates are housed in two separate units, Dorm 11 and 12./Annex
II. Each dorm consists of no more than eight (8) to ten (10) cubes.
  A. Each cube housing 15-16 inmates in very limited living spaces.
  B. Twelve (12) to thirteen (13) of the sixteen (16) inmates smoke, and smoke inside the facility during a twenty-four (24) hour period of time.
III. The Annex is grossly understaffed at times there have been only one officer to each dorm. Officer in dorm 11 having to monitor the pill line, in which no one monitors the dorm's living area. When certain Sgt.'s work she infrequently monitors the dorm.
IV. Defendants in charge of the policy making have failed to implement adequate smoke control policies.

## PRELIMINARY INJUNCTION

William McKinney v. Pat Anderson
On Appeal

The Court of Appeals, Pregerson, Circuit Judge, held that:

1. Even if an inmate cannot show that he suffers from serious, immediate medical symptoms caused by exposure to secondary cigarette smoke, compelled exposure to that smoke is nonetheless cruel and unusual punishment if at such levels and under such circumstances as to pose unreasonable risk of harm to inmate's health.

Affirmed in part, reversed in part, and remanded.

1. Criminal Law — 1213.10(1)
2. Criminal Law — 1213.8(1)
3. Criminal Law — 1213.10(1)
4. Criminal Law — 1213.10(1)

Civil Rights — 214(2)

## DECLARATORY RELIEF

It is my belief in petitioning the Court for a Preliminary Injunction or Declaratory Relief

I. We will be able to prove at trial that the Defendants violated an established right(s).
II. We will likely suffer irreparable harm if the court does not issue a Preliminary Injunction. While continuously being subjected to unconstitutional high levels/ unreasonable second-hand smoke.
III. The threat of harm as a non-smoker that I face outweighs any harm the Preliminary Injunction will cause the Defendants.
IV. A Preliminary Injunction will serve the public interest.
    A. Inmates returning to society with medical conditions, aggravated, or created by the failure of officials to control or enforce their policy, rule, and regulation for the health safety and welfare of the non-smoker.

## THE PRISON LITIGATION REFORM ACT THAT CONGRESS PASSED IN 1996 STATES:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It applies only to current inmates.

It does not apply to people who were released when they filed their lawsuits.

## EXHAUSTION OF AVAILABLE REMEDIES

NO ADMINISTRATIVE REMEDIES AT TUTWILER

There are no administrative remedies for inmates to exhaust in the Alabama Department of Corrections.

Before filing this Civil Action all available remedies were exhausted: based on the requirement of "PLRA."

I. Inmate request to officials at the prison(Tutwiler Prison for Women/ Annex)-No Response
II. Letter to the Commissioner, Donal Campbell-No Response
III. Verbally to officers- Response "Tell Inmate to go outside and smoke"
IV. Verbally to Annex Supervisor Lt. Lenita Hawthorne
A. Written suggestion to house non-smoker(s) in a cube together where as to minimize the unreasonable amount of second-hand smoke that is unwillingly being forced to be inhaled, with no control. No Response

# List of parties
# Defendants

Defendant - Commisioner Donal Campbell who is currently Commisioner of the Department of Corrections, being sued in his official and individual capacity: Supervisory Liability

It is my belief and through other written documentaation that this Defendant is a final policy maker. As well as a Supervisor over the conditions, operations, and control over the Wardens, Deputy Wardens, and the Officers they supervise.

Warden Gladys Deese - Being sued in her official and individual capacity. As Warden is responsible/ supervising the day to day operation at Julia Tutwiler Prison for Women/ Annex.

Supervisory Lliability
II Supervising individuals and other officials working under her leadership and direction.
III Maintaining inmate safety and security.
IV Responding to inmate request
V Enforcing policies, rules and regulations writte by the policy makers who are her supervisors.

Deputy Warden Frank Albright- BEing sued in his official and individual capacity working with the Warden to supervise the day to day operations at the facility in this Civil Action to enforce policies, rules, and regulations pertaining to the safety and security of inmates.

Supervisor Liabillity
II Responding to inmate request
III Supervising Lower line officials and Officers
A. Making sure they are perrforming their jobs
B. As well as enforcing rules and regulations implemented by the policy makers
IV As well as other duties unknown to inmates

Lt. Lenita Hawthorne- Is the Tutwiler Prison Annex Administator

Supervisory Liability
I Is responsible for supervising Annex staff
II Maintaining inmate safety and security
III Responding to inmate request
IV It is my belief and understanding that enforcing the No Smoking inside the facility or within ten (10) feet of the entrance and exit is part of maintaining inmate safety and

security

Respectfully
Tabitha Dickerson

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SERVED UPON _Attorney General Office St. Of Alabama_ BY THE U.S. FIRST CLASS MAIL, THIS _22_ DAY OF _September_, _2005_.

_____
PETITIONER